IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**THURMAN KIRKWOOD**                                                                     **PLAINTIFF**

**VERSUS**                                            **CIVIL ACTION NO. 5:19-cv-104-DCB-MTP**

**MAJOR ERICA PERKINS,** *et al*.                                        **DEFENDANTS**

### REPORT AND RECOMMENDATION

THIS MATTER is before the Court on Defendants Erica Perkins, Karen Brown, Gabriel Walker, and Scot Middlebrooks' Motion for Summary Judgment [26]. Having carefully considered the parties' submissions, the record, and the applicable law, the undersigned recommends that the Motion [26] be granted and this matter be dismissed.

### FACTUAL BACKGROUND

Plaintiff, a post-conviction inmate in the custody of the Mississippi Department of Corrections, filed this lawsuit under 42 U.S.C. § 1983 on September 4, 2019.[1] Comp. [1]. He alleges that while incarcerated at Wilkinson County Correctional Facility he was exposed to secondhand smoke. *Id*. at 4. Plaintiff asserts that around January of 2019 he informed Defendants Middlebrooks and Brown that his cellmate was smoking tobacco and spice, but his

---

[1] The Complaint was received on September 4, 2019 but Plaintiff's signature at the end of the document is dated August 28, 2019. Defendants argue the Complaint was filed on August 28 per the prison mailbox rule. "Under the 'mailbox rule,' a pro se § 1983 complaint is deemed filed on the date he delivers the petition to prison officials for mailing to the federal district court." *Smith v. McMillin*, 2009 WL 692108, at *1 n. 1 (S.D. Miss. Jan. 30, 2009).
   It is not clear, however, when Plaintiff deposited the Complaint with prison officials for filing, particularly when the Complaint bears a notification on the first page which says it was filed online. As discussed below, Petitioner did not exhaust his administrative remedies and it is immaterial if the Complaint was filed on August 28 or September 4, because he did not have an opportunity to exhaust until November of 2019.

1

complaints were ignored. *Id.* According to Plaintiff, the smoking went on for four months and caused him to have headaches and chest pains. *Id.*

Plaintiff further alleges that Defendants Walker and Perkins retaliated against him for complaining by moving him to a different zone at WCCF where his new cellmate also smoked spice and tobacco. *Id.* On July 17, 2019, Plaintiff was transferred to South Mississippi Correctional Institution ("SMCI"). *Id.* at 6. At SMCI, Plaintiff was housed in an open bay that slept 100 inmates, and Plaintiff alleges that the tobacco and spice smoke was even worse at SMCI. *Id.* Plaintiff believes his transfer to SMCI was also done in retaliation for his complaints at WCCF.[2]

On February 6, 2020, Defendants filed their Motion for Summary Judgment [26] arguing that Plaintiff had not exhausted his administrative remedies regarding his smoke exposure claim or his retaliation claim. On March 26, 2020, Plaintiff filed his Response [32]. On March 30, 2020, Defendants filed their Reply [33]. This matter is now ripe for review.

## ANALYSIS

### *Summary Judgment Standard*

"[S]ummary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (internal quotations omitted). The Court must view the evidence in the light most favorable to the non-moving party. *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004). If the moving party meets its

---

[2] While not material to the Court's current analysis, the undersigned notes that MDOC's inmate locator represents that Plaintiff was returned to WCCF on April 6, 2020.

burden, the "nonmovant must go beyond the pleadings and designate specific facts showing there is a genuine issue for trial." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

Summary judgment is proper "where a party fails to establish the existence of an element essential to his case and on which he bears the burden of proof." *Washington v. Armstrong World Indus., Inc.*, 839 F.2d 1121, 1122 (5th Cir. 1988). In the absence of proof, the Court does not "assume that the nonmoving party could or would prove the necessary facts." *Little*, 37 F.3d at 1075 (emphasis omitted). "It is improper for the district court to 'resolve factual disputes by weighing conflicting evidence, … since it is the province of the jury to assess the probative value of the evidence.'" *McDonald v. Entergy Operations, Inc.*, 2005 WL 2474701, at *3 (S.D. Miss. Apr. 29, 2005) (quoting *Kennett-Murray Corp. v. Bone*, 622 F.2d 887, 892 (5th Cir. 1980)).

***Failure to Exhaust***

Defendants argue that they are entitled to summary judgment on Plaintiff's claims regarding exposure to secondhand smoke and alleged retaliation from WCCF staff for complaining about the smoke. Plaintiff disagrees and argues that he did not have to exhaust his administrative remedies because prison officials did not respond to his grievance regarding these issues in a timely manner.

The Prison Litigation Reform Act ("PLRA") mandates that prisoners exhaust all administrative remedies available to them before filing suit. 42 U.S.C. § 1997e(a). Exhaustion is mandatory for "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Alexander v. Tippah Cty., Miss.*, 351 F.3d 626, 630 (5th Cir. 2003) (quoting *Porter v. Nussle*, 534 U.S. 516, 532 (2002)). "District courts have no discretion to excuse a prisoner's failure to properly exhaust

the prison grievance process before filing their complaint… and the case must be dismissed if available administrative remedies were not exhausted." *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012). "Merely initiating the grievance process or putting prison officials on notice of a complaint is insufficient to meet the exhaustion requirement." *Washington v. Brisolara*, 2016 WL 3982504, at *2 (S.D. Miss. July 22, 2016).

The degree of specificity required in a grievance is determined by each prison's own protocol. *Jones v. Bock*, 549 U.S. 199, 218 (2007). The Fifth Circuit has held that grievances should provide prison officials fair notice of an inmate's specific complaints and the "time and opportunity to address [the] complaints internally." *Johnson v. Johnson*, 385 F.3d 503, 516 (5th Cir. 2004). "Thus, a grievance should be considered sufficient to the extent that the grievance gives officials a fair opportunity to address the problem that will later form the basis of the lawsuit." *Id*. at 517.

In support of their Motion for Summary Judgment [26], Defendants submitted an affidavit from Janice Williams, the Administrative Remedy Program Coordinator at WCCF. *See* Mot. [26], Ex. A. MDOC employs a two-step administrative remedy program. *Id*. at 1. Inmates must submit their grievance in writing within thirty days of the complained-of incident. *Id*. If the grievance is accepted into the program, an official will issue a first step response. *Id*. If the response does not resolve the issue for the inmate, he may continue to the second step within five days of receiving the first step response. *Id*. 1-2. If he is not satisfied with the second step response, then he may proceed with a lawsuit. *Id*. at 2.

If, however, an inmate submits a grievance while a prior grievance is still pending, the new grievance will be logged and set aside for handling at the discretion of the ARP director. *Id*.

The program allows inmates to file up to ten grievances at a time, and any grievance above that number will be returned to the inmate. *Id*.

On April 29, 2019, Plaintiff submitted two grievances relating to secondhand smoke and alleged retaliation on the part of WCCF staff. *Id*. The grievances were considered as one submission. It was ultimately rejected because it contained more than one form of requested relief. *Id*. at 2, 6. The grievances were returned to Plaintiff with instructions for submitting a proper grievance. *Id*. at 6. Plaintiff signed a receipt for the return of the April 29 grievance on May 16, 2019. *Id*. at 7

On May 17, 2019, Plaintiff submitted another grievance concerning his exposure to secondhand smoke. *Id*. at 2, 13-14. The grievance was accepted but placed in backlog because Plaintiff had at least one other grievance pending. *Id*. at 15. On June 18, 2019, Plaintiff was advised in a letter that his grievance was placed in backlog, but if he wished to have it handled first then he was required to withdraw all other pending grievances. *Id*.

On August 2, 2019, Defendant Brown of WCCF completed a first step response to the grievance. *Id*. at 3. The response was mailed to Plaintiff at SMCI where he had been transferred, but he did not sign the receipt for the response until November 18, 2019.[3] *Id*. Plaintiff did not proceed to the second step in the ARP and the grievance was closed. *Id*.

Based on the record, it is undisputed that Plaintiff did not proceed to the second step of the ARP and did not exhaust his administrative remedies. Plaintiff's argument that he was not required to exhaust through the administrative procedure because prison officials took too long to reply is unavailing.

---

[3] It is not known by Defendants why SMCI delayed serving Plaintiff with the response. It is not, however, material to the exhaustion analysis because Plaintiff still had the opportunity to proceed to the second step within five days of receiving the first-step response.

The ARP in place at WCCF does not allow for multiple active grievances. When Plaintiff filed the pertinent grievance on May 17, 2019 it was placed in backlog because he had at least one other active grievance. The Fifth Circuit Court of Appeals has held that MDOC's backlogging procedure for multiple grievances is not unconstitutional and does not abrogate § 1997e's exhaustion requirement. *Wilson v. Epps*, 776 F.3d 296, 301 (5th Cir. 2015); *see also Ferguson v. Ellis*, 2019 WL 1560479, at *3 n. 3 (S.D. Miss. Feb. 4, 2019). It was acceptable to place Plaintiff's grievance in backlog and such a practice did not excuse Plaintiff's pre-suit requirement to exhaust his administrative remedies.

Even if Plaintiff believed that WCCF officials did not timely respond, which ignores the fact that his grievance was properly placed in backlog, he was still required to move on to the next-available step in accordance with the grievance procedure. *Wilson*, 776 F.3d at 301. "[I]t is only if the prison fails to respond to the *last* step of the grievance process that the prisoner becomes entitled to sue, because then there is no next step (save filing a lawsuit) to which the prisoner can advance." *Id*. Plaintiff, however, did not proceed to the last step in the process. Therefore, both of his unexhausted claims are barred under the PLRA and this Court cannot excuse his failure to exhaust. *Gonzalez*, 702 F.3d at 788 (5th Cir. 2012).

## RECOMMENDATION

For the reasons set forth above, the undersigned recommends that Defendants' Motion for Summary Judgment [26] be GRANTED and this matter be DISMISSED without prejudice.

## RIGHT TO OBJECT

In accordance with the rule and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge, and the opposing party. The

district judge at the time may accept, reject, or modify in whole or in part, the recommendations of the magistrate judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except on grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

    THIS the 8th day of May, 2020.

s/ Michael T. Parker<br>United States Magistrate Judge