IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

WESTERN DIVISION

THURMAN KIRKWOOD                                                PLAINTIFF

V.                            CIVIL ACTION NO. 5:19-cv-104-DCB-MTP

MAJOR ERICA PERKINS, et al.                                    DEFENDANTS

ORDER ADOPTING REPORT AND RECOMMENDATION

This matter is before the Court on Magistrate Judge Michael T. Parker's Report and Recommendation. [ECF No. 35]. Magistrate Judge Parker recommends that the Motion for Summary Judgment [ECF No. 26] be granted and that the Petition for Writ of Habeas [ECF No. 1] be dismissed without prejudice. The Plaintiff filed his Objection [ECF No. 36] to the Report and Recommendation on May 19, 2020. Having reviewed the Report and Recommendation, the Plaintiff's objection, and applicable statutory and case law, the Court finds and orders as follows:

Plaintiff, a post-conviction inmate in the custody of Mississippi Department of Corrections ("MDOC"), filed this lawsuit under 42 U.S.C. § 1983 on or about September 4, 2019.[1] He alleges

---

[1] The Complaint was received on September 4, 2019 but Plaintiff's signature at the end of the document is dated August 28, 2019. Defendants argue the Complaint was filed on August 28 per the prison mailbox rule. "Under the 'mailbox rule,' a pro se § 1983 complaint is deemed filed on the date he delivers the petition to prison officials for mailing to the federal district court." Smith v. McMillin, 2009 WL 692108, at *1 n. 1 (S.D. Miss. Jan. 30, 2009). It is not clear, however, when Plaintiff deposited the Complaint with prison officials

1

that while incarcerated at Wilkinson County Correctional Facility ("WCCF") he was exposed to secondhand smoke. [ECF No. 1] at 4. Plaintiff asserts that he informed Defendant Scott Middlebrooks and Defendant Sergeant Karen Brown that his cellmate was smoking tobacco and spice, but that his complaints were ignored. According to Plaintiff, the smoking continued for four months and caused him to suffer from headaches and chest pains.

Plaintiff further alleges that Defendant Gabriel Walker and Defendant Major Erica Perkins retaliated against him for complaining by moving him to a different zone at WCCF where his new cellmate also smoked spice and tobacco. On July 17, 2019, Plaintiff was transferred to South Mississippi Correctional Institution ("SMCI"). He was housed in an open bay that slept 100 inmates, where he alleges that the tobacco and spice smoke was even worse. He believes his transfer to SMCI was done in retaliation for his complaints at WCCF. Plaintiff was returned to WCCF on April 6, 2020.

On April 29, 2019, the Plaintiff submitted two grievances regarding the secondhand smoke and alleged retaliation by WCCF staff. The grievances were considered as one submission. It was

---

for filing, particularly when the Complaint bears a notification on the first page which says it was filed online. As discussed below, Plaintiff did not exhaust his administrative remedies and it is immaterial if the Complaint was filed on August 28 or September 4, because he did not have an opportunity to exhaust until November of 2019.

rejected because it contained more than one form of requested relief. The grievances were returned to Plaintiff with instructions for submitting a proper grievance.

On May 17, 2019, the Plaintiff submitted another grievance concerning his exposure to secondhand smoke. The grievance was accepted but placed in backlog because Plaintiff had at least one other grievance pending. On June 15, 2019, Plaintiff was advised in a letter that his grievance was placed on backlog, but if he wished to have it handled first then he was required to withdraw all other pending grievances.

On August 2, 2019, Defendant Brown of WCCF completed a first step response to the grievance. The response was mailed to Plaintiff at SMCI where he had been transferred. On November 18, 2019, the Plaintiff accepted receipt of WCCF's response but did not proceed to the second step in the administrative remedies program and the grievance was closed. On February 6, 2020, Defendants filed their Motion for Summary Judgment [ECF No. 26] arguing that Plaintiff had not exhausted his administrative remedies regarding his smoke exposure claim or his retaliation claim.

The Prison Litigation Reform Act ("PLRA") mandates that prisoners exhaust all administrative remedies available to them before filing suit. 42 U.S.C. § 1997e(a). Exhaustion is mandatory for "all inmate suits about prison life, whether they involve

3

general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Alexander v. Tippah Cnty., Miss., 351 F.3d 626, 630 (5th Cir. 2003) (quoting Porter v. Nussle, 534 U.S. 516, 532 (2002)). "District courts have no discretion to excuse a prisoner's failure to properly exhaust the prison grievance process before filing their complaint... and the case must be dismissed if available administrative remedies were not exhausted." Gonzalez v. Seal, 702 F.3d 785, 788 (5th Cir. 2012). "Merely initiating the grievance process or putting prison officials on notice of a complaint is insufficient to meet the exhaustion requirement." Washington v. Brisolara, No. 1:15-cv-141-RHW, 2016 WL 3982504, at *2 (S.D. Miss. July 22, 2016).

MDOC employs a two-step administrative remedy program ("ARP"). See [ECF No. 26-1]. Inmates must submit their grievance in writing within thirty days of the complained-of incident. Id. If the grievance is accepted into the program, an official will issue a first step response. Id. If the response does not resolve the issue for the inmate, he may continue to the second step within five days of receiving the first step response. Id. 1-2. If he is not satisfied with the second step response, then he may proceed with a lawsuit. Id. at 2. If an inmate submits a grievance while a prior grievance is still pending, the new grievance will be logged and set aside for handling at the discretion of the ARP director. Id.

4

Magistrate Judge Parker found that the Plaintiff submitted multiple grievances and that WCCF's backlog procedure is in accordance with Fifth Circuit precedent. The Fifth Circuit has held that MDOC's backlogging procedure for multiple grievances is not unconstitutional and does not abrogate § 1997e's exhaustion requirement. Wilson v. Epps, 776 F.3d 296, 301 (5th Cir. 2015). Therefore, the Plaintiff's claim that the "prison took too long" does not waive the mandatory exhaustion requirement.

Magistrate Judge Parker further found that even if Plaintiff believed that WCCF officials did not timely respond – ignoring the fact that his grievance was properly placed in backlog – he was nevertheless required to proceed to the next-available step in the grievance procedure. Wilson, 776 F.3d at 301. "[I]t is only if the prison fails to respond to the last step of the grievance process that the prisoner becomes entitled to sue, because then there is no next step (save filing a lawsuit) to which the prisoner can advance." Id. Plaintiff, however, did not proceed to the last step in the process. Therefore, both of his unexhausted claims are barred under the PLRA.

On June 1, 2020, the Plaintiff filed his objection [ECF No. 36] to Magistrate Judge Parker's Report and Recommendation [ECF No. 34]. The Plaintiff claims that the ARP process and exhaustion requirement should not apply to him because "[t]he said defendants [were] put on notice and did respond at a late date, they answered

5

the said ARP [and] there was no need to further the ARP nor were there any other respon[se] that could be given of the matter. Therefore[,] there was no penological reason to proceed further, it would have been an undue delay of time and an unjust cause to human rights…". [ECF No. 36] at 2.

When a party objects to a Report and Recommendation this Court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); see also Longmire v. Guste, 921 F.2d 620, 623 (5th Cir. 1991). "Such a review means that the court will examine the record and make an independent assessment of the law." Magee v. Comm'r of Soc. Sec., No. 1:12-cv-00188, 2013 WL 4014986, at *1 (S.D. Miss. Aug. 6, 2013); see also Hinton v. Pike County, No. 18-60817, 2018 WL 3142942, at *1 (S.D. Miss. June 27, 2018). "Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court." Id. Moreover, "no factual objection is raised when a petitioner merely reurges arguments contained in the original petition." Hinton v. Pike County, No. 18-60817, 2018 WL 3142942, at *1 (S.D. Miss. June 27, 2018) (citing Edmond v. Collins, 8 F.3d 290, 293 (5th Cir. 1993)).

The Court finds that the Plaintiff's objection merely restates the allegations in his petition and subsequent filings

6

and is therefore insufficient. Furthermore, Plaintiff has failed to demonstrate that exhaustion would have been futile or that administrative remedies were unavailable. "Exceptions to the exhaustion requirement are appropriate where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action." Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994). Therefore, having conducted a de novo review of the portions of the Report and Recommendation objected to, the Court is satisfied that Magistrate Judge Parker has undertaken an extensive examination of the issues.

Accordingly,

IT IS HEREBY ORDERED that the Report and Recommendation [ECF No. 35] is ADOPTED as the findings and conclusions of this Court.

IT IS FURTHER ORDERED that the Plaintiff's objection [ECF No. 36] to Magistrate Judge Parker's Report and Recommendation is OVERRULED.

A Final Judgment shall be entered of even date herewith pursuant to Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED this the 23rd day of July, 2020.

                                           _/s/ David Bramlette_____
                                           UNITED STATES DISTRICT JUDGE